USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/17/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRICIA LEWIS,

                Plaintiff,

    -against-

CVS ALBANY, LLC,

               Defendant.

**OPINION AND ORDER**

**21-CV-7556 (SHS) (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

Before the Court is Plaintiff's Motion to Reopen Discovery. (ECF No. 48). For the reasons stated below, the motion is GRANTED in part and DENIED in part.

## BACKGROUND

This action concerns an incident that occurred on December 30, 2019 at the CVS Pharmacy located at 298 Mulberry Street in Manhattan (the "Store"). Plaintiff alleges that while she was inside the Store, a "homeless man ran up to her, punched her, and repeatedly attacked her with a metal object to her head and face." (Compl. ¶ 10.) Plaintiff alleges that she sustained permanent injuries as a result of the attack and brings state law claims for negligence and negligent security against Defendant CVS Albany, LLC, which owns and operates the Store. (Compl. ¶¶ 12, 14-55.) The theory of Plaintiff's case is that the Store is located close to three homeless shelters such that Defendant should have known of the dangers posed to customers by the proximity of the shelters to the Store and should have employed greater security measures, including having more employees in the store, using a better security camera system, and posting a security guard to the store. (*See* Compl. ¶¶ 30-50.) In failing to have

1

these increased security measures in place, Plaintiff contends that Defendant breached its duty of care to its customers.  (*See id*.)

The Complaint was filed in state court and removed to this Court on September 9, 2021. (ECF No. 1.)  On December 1, 2021, the Court set the deadline for discovery as June 17, 2022. (ECF No. 4.)  The Court subsequently granted upward of nine requests for an extension of that deadline.  (*See* ECF Nos. 13, 16, 21, 26, 28, 34, 38, 41, 43.)  At an October 19, 2022 Case Management Conference, the parties indicated that Plaintiff had identified two CVS witnesses that she wanted to depose, and that the parties planned to depose medical experts regarding Plaintiffs' injuries.  The Court directed the parties to get all depositions scheduled as soon as possible and extended the discovery deadline to January 31, 2023 – a deadline that would be extended several more times.  (ECF No. 26.)

On or about April 19, 2023, Plaintiff deposed the non-party witness Shakala Pettiford, a former CVS employee who was present at the time of the incident.  On July 11, 2023, Plaintiff deposed Sourav Chanda, the shift supervisor at the subject CVS store who intervened to stop the attack on Plaintiff.  By August 28, 2023, Plaintiff still had not deposed the second CVS witness that she intended to depose – Jarinder Kaur, the Store manager.  The Court extended the discovery deadline to September 22, 2023 to allow Plaintiff to depose Ms. Kaur and to accommodate "vacation schedules and other professional commitments."  (ECF No. 43.)  The Court advised the parties that no further extensions of the discovery deadline would be granted absent a showing of good cause.  The Court directed the parties to submit a joint status letter by September 25, 2023, confirming that discovery is complete.

The parties deposed Ms. Kaur on September 15, 2023.  On September 25, 2023, Defendant filed a letter stating that it had been unable to reach Plaintiff's counsel in connection with filing a joint letter, and advised the Court that Defendant understood discovery to be closed.  (ECF No. 44.)  On September 27, 2023, Plaintiff filed a letter stating that following Ms. Kaur's deposition, Plaintiff "identified the need for and [] requested the deposition of the head of the subject CVS store's loss prevention department," who Plaintiff identifies as "Sal," and requested that discovery be "extend[ed]" to permit that deposition to occur within thirty days.  (ECF No. 46.)  Plaintiff additionally requested "supplement responses to some discovery requests that primarily arose at the last deposition of the defendant."  (*Id.*)  The Court denied the motion without prejudice and permitted Plaintiff to file a motion to reopen discovery that sets forth why there is "good cause" to reopen discovery.  (ECF No. 47.)

Plaintiff filed that motion on October 5, 2023.  (ECF Nos. 48.)  She argued that she had anticipated that Ms. Kaur would be able to answer questions regarding what, if anything, Defendant did "to vet the neighborhood that the store was located in prior to leasing it," and that Ms. Kaur identified at her deposition that Sal was the person with that information.  Accordingly, Plaintiff argues that it was not until September 15 that she identified the need to depose Sal.  Plaintiff also argues that "it was revealed for the first time" at Ms. Kaur's deposition that the hiring of a security guard to work at a particular CVS store is related to the number of people that visit the store and that its loss prevention department or "corporate" level in Albany possessed said information.  Accordingly, Plaintiff now requests data reflecting the number of people visiting the subject CVS store and another CVS store that uses a security guard.  Plaintiff also maintains that it was revealed "for the first time" at Ms. Kaur's deposition

3

that CVS had written training modules for employees regarding security and how to handle theft inside the store and regarding the use of employee CVS discount cards, and accordingly Plaintiff requests this written material.

Defendant filed an opposition to Plaintiff's motion on October 10, 2023.  (ECF No. 49.) Defendant submits that it has fully complied with its discovery obligations and that Ms. Kaur testified concerning relevant safety information.  Defendant further argues that there is no reasonable basis to expect that Sal would possess material and necessary information concerning the issue of foreseeability of the assault on Plaintiff.  Defendant also argues that the written discovery Plaintiff seeks concerns issues that are irrelevant to the claims and defenses in this case.  (*Id*.)

## DISCUSSION

A party seeking to reopen discovery bears the burden of showing good cause, for which the primary consideration is whether there has already been adequate opportunity for discovery.  *See Gray v. Town of Darien*, 927 F.2d 69, 74 (2d Cir. 1991); *Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011).  Other factors for consideration include whether trial is imminent, whether the request is opposed, whether the non-moving party would be prejudiced, whether the moving party was diligent in obtaining discovery within the guidelines established by the court, the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and whether the discovery is relevant and proportional to the needs of the case.  *Bridgeforth v. City of New York*, 286 F. Supp. 3d 629, 632 (S.D.N.Y. 2017) (citation omitted); *see also City of Almaty, Kazakhstan v. Ablyazov*, 2019 WL 275701, at *2-4 (S.D.N.Y. Jan. 22, 2019).

As to whether there has already been adequate opportunity for discovery, this consideration weighs heavily against reopening discovery.  This case involves a simple personal injury dispute arising out of a single incident at a CVS store.  The parties have been engaging in discovery for over a year and a half, during which time Plaintiff has apparently made limited effort to seek out relevant discovery and schedule depositions.  Because Plaintiff's claims have always centered on whether the Store employed sufficient security measures, it is unclear why she waited until now to request the instant discovery.

The majority of the other factors for consideration also weigh against reopening discovery.  Plaintiff has not shown that she was diligent in obtaining discovery within the guidelines established by the court.  To the contrary, even accepting as true that Plaintiff only learned of the discovery she now seeks following Ms. Kaur's deposition, Plaintiff has not explained her tardiness in waiting until after the close of discovery on September 27 to request an "extension."  Plaintiff's counsel has asserted that he was in Florida and had another trial, but this does not explain why he could not submit a letter to the Court seeking an extension.  It is also unclear to the Court why Ms. Kaur, the Store manager, was not deposed until September 2023 – over a year after the initial discovery deadline in this case.  Had Ms. Kaur been deposed in a timely manner, Plaintiff would have learned of the need for this evidence before the close of discovery.

In any event, and as discussed above, it was foreseeable before Ms. Kaur's deposition that Plaintiff might want to depose someone from the loss prevention department in order to learn about the store's security measures and that she might want additional information about security research and training.   Finally, the Court does not find that the deposition of Sal is

likely to lead to evidence that is relevant and proportional to the needs of the case, because Plaintiff has already obtained testimony from one former and two current CVS employees and has learned from the Store manager that the Store does not typically experience safety issues relating to the nearby homeless shelters. Additionally, training materials about issues such as employee dress code, register use, and/or use of employee discount cards are not relevant to the claims and defenses in this case. Similarly, statistics regarding the number of people who go inside the Store on a daily basis are not relevant to the claims or defenses in this case and, even if they were marginally relevant, they are not proportional to the needs of the case. All of these factors weigh against reopening discovery.

On the other hand, some factors weigh in favor of reopening discovery. To start, the Court notes that trial is not imminent, and has not been scheduled. Additionally, Defendant has not shown that it would be prejudiced by reopening discovery. Finally, to the extent Defendant has written policies about security training, such policies may be relevant and proportional to the needs of the case, and it would not be burdensome for Defendant to produce such documents even though the discovery deadline has passed.

On balance, the factors weigh against reopening discovery for purposes of taking additional depositions. Thus, Plaintiff's motion to reopen discovery is denied in this respect. However, the Court will permit Plaintiff to request and, to the extent they exist, receive written training modules for employees regarding security and how to handle security incidents inside of the store in the year leading up to the incident in this case and in effect at the time of the incident. Although this information clearly should have been sought sooner, there is minimal

burden to Defendant to produce these documents, if they exist.  Thus, Plaintiff's motion is granted to this limited extent.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to reopen discovery is GRANTED to the limited extent outlined above, and is otherwise DENIED.

The deadline for Defendant to produce written training modules for employees regarding security and how to handle security incidents inside of the store in the year leading up to the incident in this case and in effect at the time of the incident is **Friday, November 10, 2023**.  **Discovery is otherwise closed.**

By **Wednesday, November 15, 2023**, the parties shall file a joint status letter indicating whether they request a briefing schedule for any dispositive motions (and if so, proposing a briefing schedule) and/or whether they request that the Court schedule another settlement conference.  If the parties do not plan to file dispositive motions, they should submit a joint letter to the Honorable Sidney H. Stein requesting a pre-trial conference.

**The Clerk of the Court is respectfully requested to terminate the motion at ECF No. 48.**

 **SO ORDERED**.

Dated: October 17, 2023
       New York, New York

_Katharine H. Parker_____
KATHARINE H. PARKER
United States Magistrate Judge